STEVEN L. DERBY, ESQ. (SBN 148372)
CELIA L. McGUINNESS, ESQ. (SBN 159420)
THE DERBY LAW FIRM P.C.
1255 Treat Blvd. Suite 300
Walnut Creek, CA  94597
Telephone: (925) 472-6640
Facsimile: (925) 933-3964
info@derbydisabilitylaw.com

Attorneys for Plaintiffs
LEROY MOORE, DOMINIKA BEDNARSKA,
PERLITA PAYNE, BRETT ESTES, ANNA HARA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY MOORE, DOMINIKA BEDNARSKA, PERLITA PAYNE, BRETT ESTES and ANNAMARIE HARA<br><br>Plaintiffs,<br><br>v.<br><br>EQUITY RESIDENTIAL MANAGEMENT, L.L.C., and DOES 1-20, INCLUSIVE,<br><br>Defendants. | CASE NO.<br>Civil Rights<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES:**<br><br>(1) Violation of the Americans with Disabilities Act of 1990, Title III, 42 U.S.C. § 12181 *et seq.*<br><br>(2) Violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794<br><br>(3) Violation of the Federal Fair Housing Act (42 USC § 3601 et seq.)<br><br>(4) Violation of the California Fair Employment and Housing Act (Gov't Code § 12926 *et seq.*)<br><br>(5) Violation of the California Disabled Persons Act (Civil Code § 54 *et seq.*)<br><br>(6) Violation of the California Unruh Act (Civil Code § 51 *et seq.*)<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES                              S:\EJO\Moore\Moore Complaint.docx

**SUMMARY OF PARTIES AND CLAIMS**

1. Plaintiffs LEROY MOORE, DOMINIKA BEDNARSKA, PERLITA PAYNE, BRETT ESTES and ANNAMARIE HARA (hereinafter collectively referred to as "Plaintiffs") at all times herein relevant are and were "handicapped persons" or closely associated with a "handicapped person as defined by 42 U.S.C. § 3602. Plaintiffs are and at all times herein relevant were or were closely related to a person with a disability as defined in 42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B) and California Government Code § 12926, the California Unruh Civil Rights Act ("Unruh Act"), California Civil Code § 51, the California Disabled Persons Act, California Civil Code § 54.1, and Civil Code § 3345.

2. Plaintiffs each have standing to bring this action because, among other reasons, each has suffered from discrimination as a person with disabilities or a person closely associated with a person with a disability as a tenant of Defendant EQUITY RESIDENTIAL MANAGEMENT, L.L.C. ("Defendant") due to Defendant's persistent failure and refusal to make its public and common areas accessible to disabled persons such as Plaintiffs, its further persistent failure and refusal to maintain its accessible features most notably its elevator resulting in denial of access, difficulty, discomfort, embarrassment for Plaintiffs and by failing to make its dwelling units adaptable to the needs of disabled tenants such as Plaintiffs. By this action, Plaintiffs seek the court's assistance in forcing Defendant to live up to its responsibilities under Federal and state disability laws and appropriate compensatory, statutory and punitive damages to Plaintiffs for past instances of discrimination.

3. Defendant is the legal owner and operator of a building consisting of at least five dwelling units located in the City of Berkeley at 1370 University Avenue, Berkeley, California ("THE PROPERTY") Defendant's discriminatory acts and omissions violated the Americans with Disabilities Act, Title III, § 504 of the Rehabilitation Act of 1973 and various California civil rights laws.

4. The true names and capacities of Defendants DOES 1 20, Inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. On information and belief, DOES 1 through 20 are agents, servants and/or employees of Defendant. Plaintiff is

1  informed and believes that each of the defendants herein designated as a DOE is legally
2  responsible in some manner for the events and happenings herein referred to and caused injury and
3  damages proximately thereby to Plaintiff.  Plaintiff prays leave of Court to amend this Complaint
4  to show such true names and capacities when they have been ascertained. All references to
5  "Defendants" shall include all fictitiously-named defendants unless otherwise specified.

6       5.     Plaintiff is informed, believes and thereon alleges that each defendant, in doing the
7  acts or in omitting to act as alleged in this Complaint, was acting within the course and scope of
8  his or her actual or apparent authority pursuant to such agency, or the alleged acts or omissions of
9  each defendant as agent were subsequently ratified and adopted by each defendant as principal.

10       6.     As a remedy for the statutory violations described herein, Plaintiffs seek a
11  declaration that defendants named herein are violating federal and California law; an injunction
12  compelling said defendants to cease discriminating against tenants and guests with disabilities and
13  to provide persons with disabilities equal access to the public and common areas of THE
14  PROPERTY as a public accommodation, to maintain its accessible features that provide access to
15  disabled tenants such as Plaintiff and disabled guests to provide reasonable accommodations to
16  disabled tenants and guests, to make the dwelling units at THE PROPERTY adaptable to tenants
17  with disabilities; and damages for the injuries Plaintiff has suffered and will continue to suffer
18  until said defendants change their discriminatory behavior.

19

20  **JURISDICTION**

21       7.     This Court has jurisdiction over the claims brought under federal law pursuant to
22  28 U.S.C. §§ 1331 for violations of 42 U.S.C. §§ 12101 *et seq*.  This Court has jurisdiction over
23  the pendent state law claims brought under California law pursuant to 28 U.S.C. § 1367.

24

25  **VENUE**

26       8.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the
27  fact that the real property which is the subject of this action is located in this District and that
28  Plaintiff's causes of action arose in this District.

**GENERAL ALLEGATIONS**

9. Plaintiffs are or were each lawful tenants living on THE PROPERTY which consists of five floors serviced by one common elevator which serves as the sole method of ingress and egress for those who cannot climb or descend stairs such as Plaintiffs herein.

10. THE PROPERTY was constructed in the year 2000 and its public and common use areas are available to the general public when accompanying or visiting a tenant of THE PROPERTY and thus were required to be designed and constructed according to the Standards for Accessible Design, 28 C.F.R. § 36.401; 28 C.F.R. Pt. 36 Appendix A (1991 ADA Standards for Accessible Design), as amended at 28 C.F.R. Pt. 36 Appendix D (1997 ADA Standards for Accessible Design) (hereinafter, the "ADA Standards") and Title 24 Cal. Code of Regulations ("The California Building Code").

11. THE PROPERTY was constructed and first occupied in the year 2000 and so its public and common use areas were required to be "readily accessible and useable" by handicapped persons. This would include an accessible path of travel from public transportation and private parking to the dwelling unit. Such path of travel in a multi-story building necessarily requires a useable and accessible elevator. Further, the dwelling units at THE PROPERTY are required to contain the "features of accessible design" including an accessible route through the dwelling unit, accessible locations for light switches, electrical outlets, thermostats and other environmental controls, reinforced bathroom walls for the later installation of grab bars and accessible kitchens and bathrooms.

12. On its website, Equity promotes the building as a "Mobility Impaired Living Enhancement" property, further stating, "Equity Residential is committed to the needs of our residents who are mobility impaired." In fact, a sign in The Courtyard's lobby boasts a similar message. Therefore, Plaintiffs allege that all failures to make THE PROPERTY accessible to handicapped and disabled persons is done in knowing disregard of the law.

13. THE PROPERTY includes areas outside dwelling units available for public use by tenants and invited guests including a courtyard, lobby waiting area and private parking.

14. THE PROPERTY's public use areas are not accessible and useable by

- 4 -

1  disabled/handicapped persons because, among other reasons, the public access door and the
2  courtyard access doors each have a threshold that exceeds ¼ inch unbeveled, the door requires
3  excessive opening force and the courtyard door is too narrow to allow a wheelchair user to access
4  the courtyard. On the courtyard there are numerous unsafe conditions for disabled persons
5  including unsafe changes in level which exceed ½ inch.

6      15.    THE PROPERTY's dwelling units above the first floor require that disabled
7  persons with mobility impairments use an elevator to reach the front door of their dwelling units.
8  Thus, such elevator is a necessary part of the accessible path of travel to dwelling units above the
9  first floor such as those occupied (or formerly occupied) by Plaintiffs herein.

10     16.    The elevator on THE PROPERTY has not been maintained and has frequently
11 malfunctioned to such a degree that is had to be taken out of service due to a lack of proper
12 maintenance and timely repair. As an example, in November of 2015, the elevator was out due to
13 lack of maintenance and timely service for a period exceeding ten (10) days.

14     17.    When the elevator on THE PROPERTY has had to be taken out of service due to
15 lack of maintenance and timely repair, Defendant has unreasonably delayed in getting that elevator
16 back in service forcing disabled residents to attempt to negotiate the stairs to their great
17 embarrassment, discomfort and personal injury or, to be prisoners in their home while excluding
18 disabled friends and family from visiting them.

19     18.    Because of the foregoing, Defendant has sometimes been forced to relocate
20 disabled tenants to public accommodations such as local hotels but have failed to assure that such
21 temporary living accommodations, serving as a substitute for their dwelling at THE PROPERTY,
22 we accessible to persons with disabilities.

23     19.    Regardless of the reason the elevator has to be taken out of service, Defendant has
24 failed and refused to implement proper procedures to provide advance notice of the date and time
25 the elevator will be unavailable so that disabled persons can make advance plans to conduct their
26 lives and has failed and refused to keep disabled residents reasonably informed of the length of
27 time the elevator is expected to be out of service.

28     20.    To the present time, the elevator at THE PROPERTY continues to malfunction to

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    S:\EJO\Moore\Moore Complaint.docx

1  such a degree that it has to be periodically taken out of service and Defendant has failed and
2  refused to institute policies and procedures to maintain the elevator, which is a necessary part of
3  the accessible path of travel for disabled residents and their disabled guests, and to implement
4  policies and procedures to accommodate disabled residents' special needs during periods when the
5  elevator is out of service.

6      21.    Plaintiffs are informed, believe and thereon allege that there are other violations of
7  state and federal accessibility standards operative at the time of construction and will amend this
8  complaint to specifically include such violations after a full cooperative site inspection and other
9  discovery. Further, as to all areas identified before or during this litigation by plaintiff's access
10 consultant, that he or other physically disabled persons may encounter in the future (under the 9th
11 Circuit's holdings in *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008) and in *Chapman v.*
12 *Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939 (2011)), plaintiff prays leave to amend this complaint to
13 obtain injunctive relief as to those facilities which they may encounter at THE PROPERTY.

14     22.    Each plaintiff herein has personally suffered difficulty, discomfort or
15 embarrassment due to the foregoing. The following are illustrative examples of such difficulty,
16 discomfort or embarrassment:

17     a.   Plaintiff LEROY MOORE has been a resident of THE PROPERTY for over ten
18 (10) years. Recent elevator outages and the lack of communication concerning
19 such outages have forced him to miss employment opportunities, change travel
20 plans, risk a dangerous trip down the stairs carrying a heavy suitcase and to lose
21 income due to his home office becoming inaccessible to a wheelchair-bound
22 customer.

23     b.   Plaintiff DOMINIKA BEDNARSKA has lived at THE PROPERTY for over four
24 (4) years. As a result of elevator outages, she has missed a job interview,
25 cancelled plans with friends, missed work and become ill due to lack of kitchen
26 access and living in a hotel as well as stress of not knowing when she would have
27 access to her home. During the elevator outage in November, she was
28 temporarily relocated to a nearby hotel but was not provided an accessible room

which, among other things, did not have an accessible shower. During the extended outage in November 2015, she had to move to three different hotels as Defendant failed to reserve accessible rooms and pay for the temporary accommodations.

c. Plaintiff PERLITA PAYNE has lived at THE PROPERTY for over four (4) years. As a result of elevator outages, as the wife of a disabled person (BEDNARSKA) she had to keep going back and forth between their apartment and the temporary accommodations to get clothes, personal items, do laundry, talk to other neighbors who were affected and also collect their mail and packages. It was physically difficult for her to have to climb the 5 flights of stairs due to knee pain. As the days wore on, she remembers starting to feel hopeless and depressed about the situation.

d. Plaintiff BRETT ESTES has lived at THE PROPERTY for nine (9) years. As a quadriplegic, the elevator is a lifeline to the outside world. When the elevator was out for 13 days he was unable to do my own shopping, visit friends and family, and enjoy the outdoors. He felt trapped in his own apartment with no options but to stay in my apartment until the elevator was fixed. It was a difficult 13 days and caused me anxiety, depression and frustration. There was very little feedback from the office which caused further anxiety because of not knowing when the elevator would be fixed.

e. ANNA HARA is a former tenant of the building along with her husband who is also disabled and confined to a wheelchair. She was a tenant of the building in 2015 when the aforementioned elevator outage trapped her and her husband in their apartment during the Thanksgiving Holidays.

//
//
//
//

**FIRST CAUSE OF ACTION:
VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT OF 1990 AGAINST ALL DEFENDANTS
[42 U.S.C. § 12181 *et seq.*]**

23. Plaintiffs re-plead and incorporate by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 22 above.

24. The ADA prohibits public entities, from denying "a qualified individual with a disability … the benefits of the services, programs, or activities of [the] public entity" because of the individual's disability.  42 U.S.C. § 12132.

25. The ADA defines "a qualified individual with a disability" as a person who suffers from a "physical or mental impairment that substantially limits one or more major life activities," including, but not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(1)(A), (2)(A).  Plaintiff is a qualified individual with a disability as defined in the ADA, because he has impairments that substantially limit one or more major life activities.

26. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities." 42 U.S.C. § 12181 *et seq.*  The subject property and facility is one of the "private entities" which Congress <u>expressly</u> included "public accommodations" for purposes of this title [see 42 U.S.C. § 12181 (7)(F)].

27. The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 USC § 12182.

28. Defendants specifically discriminated against Plaintiffs in the following respects:
   a. Denying Plaintiff an equal benefit as that provided to able bodied tenants. "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good,

- 8 -

service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

b. Defendants failed "to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...." 42 U.S.C. § 12182(b)(2)(A)(ii).

c. Defendants failed "to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...." 42 U.S.C. § 12182(b)(2)(A)(iii).

d. Defendants failed "to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

e. Defendants have failed to demonstrate that the removal of any barrier is "not readily achievable," but if they were so, Defendants have failed "to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."  42 U.S.C. § 12182(b)(2)(A)(v).

f. Defendants have failed and refuse to maintain their accessible features in violation of 28 CFR Part 36, § 36.211 resulting in frequent intermittent denial of access including but not limited to Plaintiff being trapped in his apartment and unable to leave for lack of a working elevator and being trapped in the elevator itself.

29. Plaintiffs LEROY MOORE, DOMINIKA BEDNARSKA, PERLITA PAYNE and BRETT ESTES are still tenants at THE PROPERTY and as such they each have reasonable grounds for believing (s)he will be subjected to such discrimination in the future.

30. Pursuant to § 42 USC 12188, Plaintiffs are entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiffs are being

subjected to discrimination on the basis of disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination.  Pursuant to § 12188(a)(2), (i)n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a) . . . injunctive relief shall include an order to alter facilities to make all public and common areas of THE PROPERTY readily accessible to and usable by individuals with disabilities to the extent required by (the ADA).

WHEREFORE, Plaintiffs pray for injunctive relief as hereinafter stated.

### SECOND CAUSE OF ACTION:
### VIOLATION OF THE REHABILITATION ACT OF 1973
### AGAINST ALL DEFENDANTS
### [29 U.S.C. § 794]

31. Plaintiffs re-plead and incorporate by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 22 above.

32. At all times relevant to this action, Defendants were recipients of federal funding within the meaning of the Rehabilitation Act.  As recipients of federal funds, they are required to reasonably accommodate persons with disabilities in their facilities, program activities, and services, and to provide a grievance procedure.

33. Plaintiffs LEROY MOORE, DOMINKA BEDNARSKA, PERILTA PAYNE and BRETT ESTES are each qualified individuals with a disability as defined in the Rehabilitation Act.

34. By their policy and practice of discriminating against and failing to reasonably accommodate patients with mobility disabilities, Defendants violate § 504 of the Rehabilitation Act, 29 U.S.C. § 794.

35. Plaintiffs harms and losses continue so long as defendants refuse to modify their policies and procedures and refuse to provide fully-accessible facilities for Plaintiffs and other persons with mobility disabilities.

36. As a result of defendants' conscious disregard, evidenced by the lack of accessible facilities and refusal to make such facilities accessible despite prior notice of such violations, Plaintiffs suffered harms and losses which include, but are not limited to physical injuries and

physical and mental pain, fear, degradation and severe emotional distress as well as medical and psychological damages, and other injuries due to the discrimination they each experienced and other unlawful acts of the defendants.

WHEREFORE, Plaintiffs request relief as outlined below.

### THIRD CAUSE OF ACTION:
### VIOLATION OF THE FEDERAL FAIR HOUSING ACT
### AGAINST ALL DEFENDANTS
### [ 42 USC 3601 et seq.]

37. Plaintiffs re-plead and incorporate by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 22 above.

38. Based upon the foregoing, Defendant has violated the protections afforded to Plaintiffs under 42 U.S.C. § 3604(f) including but not limited to refusing to provide reasonable accommodation of Plaintiffs known disability by, including but not limited to, the following:

    a. failing and refusing to provide an accessible path to and through THE PROPERTY and refusing, for an extended period of time, to make necessary repairs to the elevator which forms a necessary component to that accessible path;

    b. failing and refusing to make reasonable accommodations in policies, programs and procedures when such is necessary to afford Plaintiffs an equal opportunity to use and enjoy the dwelling by, among other things, failing to prioritize repair maintenance activities on the elevator;

    c. failing and refusing to make the public and common use areas at THE PROPERTY readily accessible and useable by handicapped persons, and

    d. failing and refusing to make the dwelling units adaptable to tenants with disabilities.

39. Based upon the foregoing, Plaintiffs are each entitled to actual damages, punitive and exemplary damages and injunctive relief as set forth below.

//

//

//

**FOURTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**
**AGAINST ALL DEFENDANTS**
**[GOVERNMENT CODE § 12955 *et. seq.*]**

40. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 22, 38 and 39 above.

41. Based upon the foregoing, Defendants have violated the protections afforded to Plaintiffs under California Government Code § 12955 *et seq.*

42. Based upon the foregoing, Plaintiffs are entitled to statutory damages, actual damages, punitive and exemplary damages and injunctive relief as set forth below.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA DISABLED PERSONS ACT**
**AGAINST ALL DEFENDANTS**
**[CIVIL CODE § 54 *et. seq.*]**

43. Plaintiffs re-plead and incorporate by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 22 above.

44. Based upon the foregoing, Defendant has violated the protections afforded to Plaintiffs under California Civil Code 54 *et seq.*

45. Plaintiffs have each suffered actual damage as a result of such failures which they allege is the result of Defendants' knowing and intentional violation of their rights as disabled persons under California Law.

46. Based upon the foregoing, Plaintiffs are entitled to statutory damages, actual damages, punitive and exemplary damages as set forth below.

**SIXTH CAUSE OF ACTION:**
**VIOLATION OF UNRUH CIVIL RIGHTS ACT,**
**AGAINST ALL DEFENDANTS**
**[CIVIL CODE § 51 *et seq.*]**

47. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 22 above.

48. At all times herein mentioned, the Unruh Civil Rights Act, California Civil Code 51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

49. THE PROPERTY is a business establishment within the meaning of the Unruh Act. The defendants are the owners and operators of THE PROPERTY.

50. Defendants violated the Unruh Act by their acts and omissions, including but not limited to, the following:

   a. Failure and refusal to modify their policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services;

   b. Failure and refusal to construct and/or alter THE PROPERTY's facilities in compliance with state building code and state architectural requirements;

   c. Violation of the ADA, a violation of which is a violation of the Unruh Act. Civ. Code § 51(f);

   d. Failure and refusal to maintain their accessible features, including but not limited to their elevator in conformity with American Society of Mechanical Engineers "ASME" Standard A17.1 as mandated by Title 24, California Code of Regulations (sometimes called the "California Building Code" and hereafter called "CBC") § 1116B.1 et seq., in violation of CBC § 1101B.3;

   e. Failure and refusal to provide an accessible means of egress in from their tenant apartments which are required to be accessible in violation of CBC 1007 et seq. and § 1102 et seq., and

   f. Failure and refusal to provide an accessible entrance and accessible route to and through all apartments which are required to be accessible and/or

1         adaptable in violation of CBC §s 1106A.1 et seq.

2     51.    Plaintiff is informed, believes and thereon alleges that each defendants' behavior, as alleged herein, was intentional: Defendants were aware and/or were made aware of their duties to refrain from establishing discriminatory policies and/or barriers preventing physically disabled persons from accessing their facilities, prior to the filing of this Complaint.

6     52.    Defendants' stubborn refusal to provide disabled tenants and guests with accessible public areas and common spaces in violation of the laws set forth above as well as other federal laws regulating businesses which accept federal funds as payment for rent, demonstrate a knowing and conscious disregard for the law in general and the rights of disabled tenants in particular. Therefore, such conduct justifies an award of treble, punitive and exemplary damages in addition to all other relief sought.

12     53.    As a result of Defendants' acts and omissions, Plaintiffs each suffered actual harms and losses including but not limited to physical injuries and physical and mental pain, fear, degradation and severe emotional distress as well as medical and psychological damages, and other injuries because of the discrimination that they each experienced and other unlawful acts of the Defendants**.**

17     54.    Plaintiff's injuries are ongoing so long as Defendants do not modify their policies and procedures and provide fully-accessible facilities for Plaintiff and other persons with mobility disabilities.

## **PRAYER**

Plaintiffs LEROY MOORE, DOMINIKA BEDNARSKA, PERILTA PAYNE AN BRETT ESTES have no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint.  Plaintiffs have suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the defendants as alleged herein, unless Plaintiffs are granted the relief they request.  Plaintiff and defendants have an actual controversy and opposing legal positions as to defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under

the laws of the United States and the State of California.

WHEREFORE, Plaintiffs prays for judgment and the following specific relief against defendants:

1. An order enjoining defendants, their agents, officials, employees, and all persons acting in concert with them:

   a. From continuing the unlawful acts, conditions, and practices described in this Complaint;
   b. To modify THE PROPERTY's facilities to provide full and equal access to all persons with physical disabilities;
   c. To provide a policy and procedure consistent with California and federal law to provide reasonable accommodations for persons with disabilities who live at THE PROPERTY or who wish to do so;
   d. To maintain such accessible facilities once they are provided;
   e. To train each of defendants' employees and agents in how to accommodate the rights and needs of physically disabled persons;
   f. To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities, and
   g. To modify THE PROPERTY'S dwelling units to provide adaptable features as set forth above.

2. Retain jurisdiction over the defendants until such time as the Court is satisfied that defendants' unlawful policies, practices, acts and omissions, as complained of herein no longer occur, and cannot recur;

3. Award to Plaintiffs all appropriate damages, including but not limited to statutory damages, general damages, treble damages and punitive damages in amounts within the jurisdiction of the Court, all according to proof;

4. Award to Plaintiffs all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by federal and state law;

5.  Award prejudgment interest pursuant to California Civil Code § 3291; and

6.  Grant such other and further relief as this Court may deem just and proper.

Dated:   December 16, 2016                         THE DERBY LAW FIRM, P.C.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Steven L. Derby*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　By Steven L. Derby
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs

DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated:   December 16, 2016                         THE DERBY LAW FIRM, P.C.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Steven L. Derby*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　By Steven L. Derby
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs