UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY MOORE, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>EQUITY RESIDENTIAL MANAGEMENT, L.L.C.,<br><br>　　　　　Defendant. | Case No. 16-cv-07204-MEJ<br><br>**ORDER RE: MOTION TO DISMISS**<br><br>Re: Dkt. No. 10 |

## INTRODUCTION

Pending before the Court is Defendant Equity Residential Management, L.L.C.'s ("Defendant") Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Dkt. No. 10. Plaintiffs Leroy Moore, Dominika Bednarska, Perlita Payne, Brett Estes, and AnnaMarie Hara (collectively, "Plaintiffs") filed an Opposition (Dkt. No. 15) and Defendant filed a Reply (Dkt. No. 20). The Court finds this matter suitable for disposition without oral argument and **VACATES** the March 16, 2017 hearing.[1] *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court **GRANTS IN PART** Defendant's Motion for the following reasons.

## BACKGROUND

Defendant owns and operates a building in Berkeley, California (the "Property") that contains at least five dwelling units, and is marketed as a "Mobility Impaired Living Enhancement Property." Compl. ¶¶ 3, 11, Dkt. No. 1. The Property was constructed and first occupied in the year 2000. *Id.* ¶ 11. Plaintiffs "are or were" tenants living on the Property. *Id.* ¶ 9. Plaintiffs allege they at all relevant times were "'handicapped persons' or closely associated with a

---

[1] Accordingly, the Court DENIES AS MOOT the parties' motion to continue the hearing (Dkt. No. 21).

'handicapped person[' . . . or ] closely related to a person with a disability. . . ." *Id.* ¶ 1. The Complaint does not describe how Moore is disabled or associated with a disabled person. *Id.* ¶ 22(a). It alleges Bednarska is disabled but does not describe her disability or its impact, e.g., whether she is confined to a wheelchair (*id.* ¶ 22(b)), and that Payne is married to Bednarska (*id.* ¶ 22(c)). It also alleges Estes is a quadriplegic (*id.* ¶ 22(d)), and that Hara's husband is "also disabled and confined to a wheelchair" (*id.* ¶ 22(e)).

Plaintiffs allege Defendant discriminated against them through its

> persistent failure and refusal to make its public and common areas accessible to disabled persons such as Plaintiffs, its further persistent failure and refusal to maintain its accessible features most notably its elevator resulting in denial of access, difficulty, discomfort, embarrassment for Plaintiffs and by failing to make its dwelling units adaptable to the needs of disabled tenants such as Plaintiffs.

*Id.* ¶ 2; *see also id.* ¶¶ 15-20 (only elevator on Property frequently malfunctions and must be taken out of service frequently, often without advance notice). Plaintiffs further allege the Property's public use areas are not accessible or useable by disabled/handicapped persons because the public access and courtyard access doors have thresholds that exceed 1/4 inch unbeveled and require excessive opening force, and that the courtyard door is too narrow to allow a wheelchair user access to the courtyard. *Id.* ¶ 14.

The Complaint asserts federal claims under the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12181 et seq.; the Rehabilitation Act of 1973 (the "Rehabilitation Act"), 29 U.S.C. § 794; and the Federal Fair Housing Act (the "FHA"), 42 U.S.C. § 3601 et seq. *Id.* ¶¶ 23-39. Plaintiffs also assert related state law claims. *Id.* ¶¶ 40-54. They seek injunctive relief and damages. *Id.*, Prayer.

**LEGAL STANDARD**

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted).

A court may dismiss a complaint under Rule 12(b)(6) when it does not contain enough

facts to state a claim to relief that is plausible on its face. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). In addition, courts may consider documents attached to the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotations and citations omitted). However, the Court may deny leave to amend for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**DISCUSSION**

**A.   Allegations of Disability**

An element of each of the federal claims alleged in the Complaint is that Plaintiffs are disabled or closely associated with disabled persons. Defendant moves to dismiss the Complaint

3

on the ground that with the exception of Estes, Plaintiffs have not sufficiently pleaded they are disabled.  *See* Mot. at 5, 7, 9.

Plaintiffs argue they have sufficiently pleaded that Moore, Bednarska, and Hara have mobility disabilities and that they are not required to identify their "particular diagnos[e]s."  Opp'n at 4 (citing Compl. ¶¶ 1, 2, 4, 22).  The Complaint alleges Estes is a quadriplegic and that Hara's husband is "also disabled and confined to a wheelchair."  *Id.* ¶ 22(d), (e).  But there are no allegations that Hara, Moore, and Bednarska are disabled or that describe the impact of their disability.  *See* Compl. ¶¶ 1, 2, 4, 22.  The Complaint instead alleges Hara, Moore, and Bednarska are disabled in an unspecified manner or closely associated with a person with a disability.  *See id.*  While Plaintiffs may not have to identify their "particular diagnoses", they do need to include factual allegations sufficient to state they have mobility disabilities (or disabilities that were impacted by the barriers identified in the Complaint) in order to state a disability-related claim; they cannot rely on "labels and conclusions" or a "formulaic recitation of the elements" of their causes of action.  *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.  Accordingly, the Court DISMISSES each of Hara's, Moore's, and Bednarska's claims on this ground.

Payne concedes she does not have a mobility disability, but argues she has "associational standing"—i.e., by virtue of her marriage to Bednarska—to pursue the claims asserted in the Complaint.  *See* Opp'n at 4.  The Court need not reach this issue because it finds Bednarska insufficiently pleads she is disabled.  Thus, Payne cannot have associational standing based on Bednarska's disability, and the Court DISMISSES each of her claims on this ground.

**B.    ADA**

Defendant argues the Court must dismiss the ADA claim because the Property is a residential facility that does "not constitute public accommodations within the meaning of the" ADA. Mot. at 5 (quoting *Independent Hous. Servs. of S.F. v. Fillmore Ctr. Assocs.*, 840 F. Supp. 1328, 1344 & n.14 (N.D. Cal. 1993); citing *Coronado v. Cobblestone Vill. Comm. Rentals, L.P.*, 163 Cal. App. 4th 831, 850 (2008)); *see also Arceneaux v. Marin Hous. Auth.*, 2015 WL 3396673, at *7 (N.D. Cal. May 26, 2015) ("[A]partment complexes do not constitute 'public accommodations' within the meaning of the ADA") (citing cases)).  While apartment complexes,

4

1  such as the Property, are not subject to the requirements of the ADA, some spaces within
2  apartment complexes are considered places of public accommodation.  Chief among this exception
3  is commercial space within apartment complexes.  *See Carolyn v. Orange Park Comm. Ass'n*, 177
4  Cal. App. 4th 1090, 1100 (2009) ("[C]ommercial real estate open to the public qualifies as a
5  public accommodation even though it is a part of a residence or residential development") (citing
6  *Baltimore Neighborhoods, Inc. v. Rommel Builders, Inc.*, 40 F. Supp. 2d 700, 705-06 (D. Md.
7  1999) (model unit could be public accommodation if found to be sales office)); *Johnson v. Beahm*,
8  2011 WL 5508893, at *3 (E.D. Cal. Nov. 8, 2011) ("A private residential apartment complex
9  contains a rental office.  The rental office is a place of public accommodation." (quoting ADA
10 Title III Technical Assistance Manual (1993) to answer question of Title III of ADA applies to
11 common areas within residential facilities, and finding leasing office of apartment complex is a
12 place of public accommodation subject to ADA)).

13       Plaintiffs contend their Complaint states an ADA claim because it alleges discrimination in
14 those areas of the Property that are open to the public.  Opp'n at 7.  They nonetheless concede that
15 the Complaint only refers to "tenants and invited guests" and suggest they can cure any pleading
16 defects by amending the Complaint to plead facts showing that certain areas of the facility are
17 open to the public.  *Id*. at 8.  Defendant contends amendment would be futile because the public's
18 occasional use of a private facility does not render residential facilities into public facilities.  Reply
19 at 3 (citing cases).

20       Because the Complaint, as pleaded, does not allege the Property is a place of public
21 accommodation, the Court DISMISSES the ADA claim on that ground.  As Plaintiffs may be able
22 to amend the complaint to state a claim based on a portion of the complex that is considered a
23 "place of public accommodation," the Court grants them leave to amend.  When amending the
24 Complaint, Plaintiffs should note that "public" portions of apartment complexes that are not
25 commercial spaces are not necessarily places of public accommodation.  *See, e.g., Coronado v.*
26 *Cobblestone Vill. Comm. Rentals*, 163 Cal. App. 4th 831, 835 (2008) (path from apartment to
27 parking area not public accommodation under ADA) (overruled on other grounds by *Munson v.*
28 *Del Taco, Inc.*, 46 Cal.4th 661, 678 (2009)); *Jankey v. Twentieth Cent. Fox Film Corp.*, 14 F.

Supp. 2d 1174, 1178 (C.D. Cal. 1998) ("The determination of whether a facility is a 'public accommodation' for purposes of coverage by the ADA therefore turns on whether the facility is open 'indiscriminately to other members of the general public.'").

**C.     Rehabilitation Act**

To state a Rehabilitation Act claim, Plaintiffs must allege they (1) are disabled; (2) are otherwise unqualified for the benefit or services they sought; (3) were denied those benefits or services "solely" by reason of their disability; and (4) that the program providing the benefits or services receives federal assistance. *See Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). The Court addressed the sufficiency of the disability allegations above. Defendant also argues Plaintiffs fail to state a Rehabilitation Act claim because they do not sufficiently allege that the Property receives federal financial assistance. Mot. at 6-7.

Plaintiffs allege "Defendants were recipients of federal funding within the meaning of the Rehabilitation Act" and also suggest "federal laws regulating business which accept federal funds as payment for rent" apply to the Property and Defendant. Compl. ¶¶ 32, 52. This is sufficient to survive a motion to dismiss. *See, e.g., Steshenko v. Albee*, 70 F. Supp. 3d 1002, 1011 (N.D. Cal. 2014) (allegation that defendant "is a recipient of federal funding and is therefore subject" to Rehabilitation Act sufficient to state a claim); *Smith v. Tobinworld*, 2016 WL 3519244, at * (N.D. Cal. June 28, 2016) (denying motion to dismiss Rehabilitation Act claim where plaintiff alleged on information and belief that defendant "receives substantial direct and indirect federal funding assistance."); *Campen v. Portland Adventist Med. Ctr.*, 2016 WL 5853736, *4 (D. Or. Sept. 2, 2016) (denying motion to dismiss Rehabilitation Act claim where plaintiff alleged defendant "accepts Medicare and Medicaid patients and therefore receives federal funds" and "was and is a recipient of federal financial assistance for its programs and activities.").

Unlike allegations relating to matters within Plaintiffs' personal knowledge, such as the nature and extent of their disabilities, details regarding Defendant's receipt of federal funding will likely need to be sought through formal discovery. On a motion to dismiss, the Court assumes the truth of the allegations in the Complaint, which counsel have made subject to their obligations under Federal Rule of Civil Procedure 11. Defendant may produce evidence it does not receive

federal funds within the meaning of the Rehabilitation Act, and move for summary judgment on this issue. At this point, however, the Court DENIES the Motion to Dismiss the Rehabilitation Act claim on this ground.

**D.   FHA**

Defendant argues Plaintiffs' FHA claim fails because Plaintiffs do not allege they requested an accommodation, and because they did not bring their claim within two years of the Property's construction. Plaintiffs contend the Complaint states a FHA claim because it alleges a failure to make reasonable accommodations and an ongoing pattern and practice of discrimination in the maintenance of the accessible paths of travel, particularly the elevator. *See* Opp'n at 10-13.

### 1.   Request for Reasonable Accommodation

To state a failure to make reasonable accommodations claim, Plaintiffs must allege "(1) [they] suffer[] from a handicap as defined by the [FHA]; (2) defendant[] knew or reasonably should have known of the plaintiff[s'] handicap; (3) accommodation of the handicap 'may be necessary' to afford plaintiff[s] an equal opportunity to use and enjoy the dwelling; and (4) defendant[] refused to make such accommodation." *Giebeler v. M&B Assocs.*, 343 F.3d 1143, 1147 (9th Cir. 2003) (citing *United States v. Cal. Mobile Home Park Mgmt. Co.*, 29 F.3d 1413, 1416 (9th Cir. 1994) (landlords have "affirmative duty" to provide reasonable accommodation)). Plaintiffs argue they need not allege they requested an accommodation, only that Defendant "knew or reasonably should have known" they had mobility disabilities and that accommodation "may be necessary" to allow Plaintiffs to use and enjoy the Property. *See* Opp'n at 11.

The agencies that are jointly responsible for enforcing the FHA, the U.S. Department of Justice ("DOJ") and the U.S. Department of Housing and Urban Development ("HUD"), disagree with Plaintiffs' interpretation: "An applicant or resident is not entitled to receive a reasonable accommodation unless she requests one. . . .  the requester must make the request in a manner that a reasonable person would understand to be a request for an exception, change, or adjustment to a rule, policy, practice, or service because of a disability." Joint Statement of the [DOJ] and [HUD],

Reasonable Accommodations under the [FHA] at 10 (May 17, 2014).[2] Courts hold an actual request is a necessary element of an FHA claim. *See Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1219 (11th Cir. 2008) ("Simply put, a plaintiff must actually request an accommodation and be refused in order to bring a reasonable accommodation claim under the FHA"); *Astralis Condo. Ass'n v. Sec'y, U.S. Dep't of Housing & Urban Dev.*, 620 F.3d 62, 67 (1st Cir. 2010) ("claimant must show that he requested a particular accommodation" to establish prima facie case of failure to accommodate under FHA); *Kromenhoek v. Cowpet Bay West Condo. Assoc.*, 77 F. Supp. 3d 462, 469 (D. V.I. 2014) ("In order to make a claim under the FHA, a plaintiff must actually request an accommodation and be refused.") (internal quotation marks and citation omitted); *Wallace H. Campbell & Co., Inc. v. Maryland Com'n on Human Relations*, 202 Md. App. 650, 668-69 (2011) (reviewing federal and state appellate court decisions that concur an FHA claimant must make a request to state a claim).

Plaintiffs identify no authorities to the contrary and instead cite cases that involved plaintiffs who in fact requested specific reasonable accommodations. *See* Opp'n at 11 (citing *Giebeler* 343 F.3d at 1145-46 (property manager refused prospective tenant's request to allow mother to be co-signer on lease where manager originally rejected application because disabled claimant did not meet minimum income requirements, and reiterated refusal in response to attorney's formal request for accommodation); *California Mobile Home Park*, 29 F.3d at 1415 (mother asked management to waive policy imposing fees for long term guest and parking for child's home medical aide who was required to treat child's respiratory disease; management company refused to waive fees)).

The Court accordingly DISMISSES the FHA claim to the extent it is based on failure to accommodate.

2.   Statute of Limitations

Defendant argues Plaintiffs' construction defect claim fails because they did not bring it within two years of the Property's occupancy. *See* Mot. at 7 (citing *Garcia v. Brockway*, 526 F.3d

---

[2] Available at https://www.hud.gov/offices/fheo/library/huddojstatement.pdf (March 7, 2017).

456 (9th Cir. 2008)). Plaintiffs explain they do not bring a construction defect claim, but rather a claim based on multiple continuing violations that render travel impractical or impossible at times. Opp'n at 12. They identify the following ongoing failures to maintain the accessible paths of travel: failure to make repairs in a timely fashion; failure to notify tenants of the need for and duration of repairs; failure to provide tenants auxiliary services or necessary accommodations. *See* Compl. ¶¶ 10, 11, 14-20. The Complaint thus alleges separate continuing violations, not continuing effects of a single, original construction defect: "A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation." *Garcia*, 526 F.3d at 462 (quoting *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981)). The Court accordingly DENIES Defendant's Motion to the extent it is based on Plaintiffs' failure to file their FHA claim within two years of the Property's occupancy in 2000.

### E. State Law Claims

#### 1. California Fair Employment and Housing Act ("FEHA") and California Disabled Persons Act ("CDPA")

To plead their FEHA claim, Plaintiffs incorporate all prior allegations in the Complaint and allege "[b]ased upon the foregoing, Defendants have violated the protections afforded to Plaintiffs under California Government Code § 12955." Compl. ¶¶ 40-41. Similarly, Plaintiffs plead their CDPA claim by reincorporating the prior allegations of the Complaint and alleging that "[b]ased upon the foregoing, Defendant has violated the protections afforded to Plaintiffs under California Civil Code 54 *et seq.*" Compl. ¶¶ 43-44. Plaintiffs do not allege facts establishing each element of these claims, such as what protections of FEHA or CDPA they allege were breached by Defendant's conduct, or how Defendant's conduct violated those protections as to each Plaintiff. These claims are conclusory, and the Court GRANTS the Motion to Dismiss them.

#### 2. Unruh Civil Rights Act

Plaintiff's Unruh Civil Rights Act claim is more specifically pleaded, but it nonetheless fails to the extent it relies on the ADA claim the Court has dismissed. Plaintiffs further argue that, unlike the ADA, the Unruh Act includes residential buildings. *See* Opp'n at 15. They only cases they cite pertain to discrimination in renting, which is by its nature a "business" subject to the

9

Unruh Act. *See id.* In *Holland v. Related Cos., Inc.*, the court analyzed whether the Unruh Act applied to requests for reasonable accommodation in residential apartment complexes. 2016 WL 3669999, *3-5 (N.D. Cal. July 11, 2016). Recognizing the lack of clear guidance from either the California Supreme Court or the Ninth Circuit, the *Holland* Court found the reasoning of *Coronado* persuasive: "because Plaintiffs sought a reasonable accommodation in connection with areas that are indisputably within the residential portions of [the property], they cannot show a violation of the ADA, and, thus, cannot premise their Unruh Act [claim] on that alleged violation." *Id.* at *6. The Court therefore DISMISSES Plaintiffs' Unruh Act claim to the extent it is based on an ADA violation or a failure to accommodate.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant's Motion to Dismiss as follows:

(1) All claims by Moore, Bednarska, Payne, and Hara, on the ground these Plaintiffs have insufficiently pleaded they are disabled or handicapped, or that they have a basis to allege associational standing based on the disability or handicap of another.

(2) The ADA claim in its entirety, for failure to allege facts sufficient to show the Property is a place of public accommodation.

(3) The FHA claim to the extent it is based on a failure to accommodate.

(4) The FEHA and CDPA claims for failure to allege facts sufficient to state a claim.

(5) The Unruh Act claim to the extent it is based on a violation of the ADA or a failure to accommodate.

These claims are dismissed WITH LEAVE TO AMEND. Plaintiffs shall file any amended complaint no later than March 28, 2017.

**IT IS SO ORDERED.**

Dated: March 7, 2017

MARIA-ELENA JAMES
United States Magistrate Judge