STEVEN L. DERBY, ESQ. (SBN 148372)
CELIA L. McGUINNESS, ESQ. (SBN 159420)
DERBY, McGUINNESS & GOLDSMITH, LLP
200 Lakeside Drive Suite A
Oakland, CA 94612
(510) 987-8778
(510) 359-4414
info@dmglawfirm.com

Attorneys for Plaintiffs
LEROY MOORE, DOMINIKA BEDNARSKA,
PERLITA PAYNE, BRETT ESTES, ANNA HARA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY MOORE, DOMINIKA BEDNARSKA, PERLITA PAYNE, BRETT ESTES and ANNAMARIE HARA<br><br>Plaintiffs,<br><br>v.<br><br>EQUITY RESIDENTIAL MANAGEMENT and DOES 1-20, INCLUSIVE,<br><br>Defendant. | CASE NO. 16-cv-07204-MEJ<br>Civil Rights<br><br>**SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES:**<br><br>1) Violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794<br><br>2) Violation of the Federal Fair Housing Act (42 USC § 3601 et seq.)<br><br>3) Violation of the California Fair Employment and Housing Act (Gov't Code § 12926 *et seq.*)<br><br>4) Violation of the California Disabled Persons Act (Civil Code § 54 *et seq.*)<br><br>5) Violation of the California Unruh Act (Civil Code § 51 *et seq.*)<br><br>6) Violation of Berkeley Municipal Code § 19.50.010 *et seq*<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

**SUMMARY OF PARTIES AND CLAIMS**

1.      Plaintiffs LEROY MOORE, DOMINIKA BEDNARSKA, PERLITA PAYNE, BRETT ESTES and ANNAMARIE HARA (hereinafter collectively referred to as "Plaintiffs") at all times herein relevant are and were "handicapped persons" or closely associated with a "handicapped" person as defined by 42 U.S.C. § 3602.  Plaintiffs are and at all times herein relevant were persons with disabilities or were closely related to a person with a disability as defined in 42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B) and California Government Code § 12926, the California Unruh Civil Rights Act ("Unruh Act"), California Civil Code § 51, the California Disabled Persons Act, California Civil Code § 54.1, and Civil Code § 3345.  Each Plaintiff either is or at all relevant times was a tenant of a residential apartment building located in the City of Berkeley and subject to Berkeley Municipal Code Chapter 19, entitled "Buildings and Construction."

2.      Plaintiffs each have standing to bring this action because, among other reasons, each has suffered from discrimination as a person with disabilities or a person closely associated with a person with a disability as a tenant of Defendant EQUITY RESIDENTIAL MANAGEMENT, L.L.C.  ("Defendant") due to Defendant's persistent failure and refusal to make its premises accessible to and useable by disabled persons, its further persistent failure and refusal to maintain its accessible features most notably its elevator resulting in denial of access, difficulty, discomfort, embarrassment for Plaintiffs, its further and persistent failure to grant Plaintiffs' repeated requests for reasonable accommodation and by failing to make its dwelling units adaptable to the needs of disabled tenants such as Plaintiffs.  By this action, Plaintiffs seek the court's assistance in forcing Defendant to live up to its responsibilities under federal, state and local disability laws and appropriate compensatory, statutory and punitive damages to Plaintiffs for past instances of discrimination.

3.      Defendant is the legal owner and operator of a building consisting of at least two stories and ten dwelling units located in the City of Berkeley at 1370 University Avenue, Berkeley, California ("THE PROPERTY") Defendant's discriminatory acts and omissions violated the Americans with Disabilities Act, Title III, § 504 of the Rehabilitation Act of 1973,

1    various California civil rights laws and local ordinances.  The building contains approximately 85

2    units offered for rent.

3        4.    The true names and capacities of Defendants DOES 1 through 20, Inclusive, are

4    unknown to Plaintiffs who therefore sues said Defendants by such fictitious names.  On

5    information and belief, DOES 1 through 20 are agents, servants and/or employees of Defendant.

6    Plaintiffs are informed and believes that each of the Defendants herein designated as a DOE is

7    legally responsible in some manner for the events and happenings herein referred to and caused

8    injury and damages proximately thereby to Plaintiffs.  Plaintiffs pray leave of Court to amend this

9    Complaint to show such true names and capacities when they have been ascertained.  All

10    references to "Defendants" shall include all fictitiously-named Defendants unless otherwise

11    specified.

12        5.    Plaintiffs are informed, believes and thereon alleges that each Defendant, in doing

13    the acts or in omitting to act as alleged in this Complaint, was acting within the course and scope

14    of his or her actual or apparent authority pursuant to such agency, or the alleged acts or omissions

15    of each Defendant as agent were subsequently ratified and adopted by each Defendant as

16    principal.

17        6.    As a remedy for the statutory violations described herein, Plaintiffs seek a

18    declaration that Defendant named herein is violating federal and California law; an injunction

19    compelling said Defendant to cease discriminating against tenants and guests with disabilities and

20    to provide persons with disabilities equal access to THE PROPERTY,  to maintain its accessible

21    features that provide access to disabled tenants such as Plaintiffs and disabled guests to provide

22    reasonable accommodations to disabled tenants and guests, to make the dwelling units at THE

23    PROPERTY adaptable to tenants with disabilities; and damages for the injuries Plaintiffs have

24    suffered and will continue to suffer until said Defendant changes its discriminatory behavior.

25

26                        **JURISDICTION**

27        7.    This Court has jurisdiction over the claims brought under federal law pursuant to

28    28 U.S.C. §§ 1331 for violations of 42 U.S.C. §§ 12101 *et seq*.  This Court has jurisdiction over

1  the pendent state law claims brought under California law pursuant to 28 U.S.C. § 1367.

2

3  **VENUE**

4  8.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on

5  the fact that the real property which is the subject of this action is located in this District and that

6  Plaintiffs' causes of action arose in this District.

7

8  **GENERAL ALLEGATIONS**

9  9.     Plaintiffs are or were each a lawful tenant living on THE PROPERTY which

10  consists of five floors serviced by one common elevator which serves as the sole method of

11  ingress and egress for those who cannot climb or descend stairs such as Plaintiffs herein.

12  10.    THE PROPERTY was constructed on or after the year 2000 and thus it was

13  required to be designed and constructed according to the Standards for Accessible Design, 28

14  C.F.R. § 36.401; 28 C.F.R. Pt. 36 Appendix A (1991 ADA Standards for Accessible Design), as

15  amended at 28 C.F.R. Pt. 36 Appendix D (1997 ADA Standards for Accessible Design)

16  (hereinafter, the "ADA Standards") and Title 24 Cal. Code of Regulations ("The California

17  Building Code").

18  11.    THE PROPERTY was constructed and first occupied in the year 2000 and so its

19  public and common use areas were required to be "readily accessible and useable" by

20  handicapped persons.  This would include an accessible path of travel from public transportation

21  and private parking to the dwelling unit.  Such path of travel in a multi-story building necessarily

22  requires a useable and accessible elevator.  Further, the dwelling units at THE PROPERTY are

23  required to contain the "features of accessible design" including an accessible route through the

24  dwelling unit, accessible locations for light switches, electrical outlets, thermostats and other

25  environmental controls, reinforced bathroom walls for the later installation of grab bars and

26  accessible kitchens and bathrooms.

27  12.    On its website, Equity promotes the building as a "Mobility Impaired Living

28  Enhancement" property, further stating, "Equity Residential is committed to the needs of our

1   residents who are mobility impaired." In fact, a sign in The Courtyard's lobby boasts a similar

2   message.  Therefore, Plaintiffs allege that all failures to make THE PROPERTY accessible to

3   handicapped and disabled persons is done in knowing disregard of the law.

4        13.     THE PROPERTY's public use areas are not accessible and useable by

5   disabled/handicapped persons because, among other reasons, the public access door and the

6   courtyard access doors each have a threshold that exceeds ¼ inch unbeveled, the door requires

7   excessive opening force and the courtyard door is too narrow to allow a wheelchair user to access

8   the courtyard. On the courtyard, there are numerous unsafe conditions for disabled persons

9   including unsafe changes in level which exceed ½ inch.

10       14.     Plaintiffs Bednarska, Estes and Hara each have encountered the excessively heavy

11   doors.  None of them can open the doors without assistance.  Trying to do it alone causes each of

12   them difficulty and/or pain.  They each are deterred from using it for those reasons.

13       15.     THE PROPERTY's dwelling units above the first floor require that disabled

14   persons with mobility impairments use an elevator to reach the front door of their dwelling units.

15   Thus, such elevator is a necessary part of the accessible path of travel to dwelling units above the

16   first floor such as those occupied (or formerly occupied) by Plaintiffs herein, all of whom occupy

17   or at all times relevant herein did occupy apartments above the first floor.

18       16.     Plaintiffs are informed, believe, and thereon allege, that THE PROPERTY'S

19   dwelling units including, but not limited to, the units rented by Plaintiffs herein, do not contain

20   the features of accessible design required under the Fair Housing Amendments Act of 1988 (P. L.

21   100 – 430) and 24 C F. R. 100.1 *et seq.* because, among other things, light switches, electrical

22   outlets and thermostats are not located in accessible locations, and the kitchens and bathrooms are

23   not adaptable to and usable by persons in wheelchairs.

24       17.     The elevator on THE PROPERTY has not been maintained and has frequently

25   malfunctioned to such a degree that it had to be taken out of service due to a lack of proper

26   maintenance and timely repair.  As an example, in November of 2015, the elevator was out due to

27   lack of maintenance and timely service for a period exceeding ten (10) days.

28       18.     When the elevator on THE PROPERTY has had to be taken out of service due to

1    lack of maintenance and timely repair, Defendant has unreasonably delayed in getting that

2    elevator back in service forcing disabled residents to attempt to negotiate the stairs to their great

3    embarrassment, discomfort and personal injury or, to be prisoners in their home while excluding

4    disabled friends and family from visiting them.

5            19.    Because of the foregoing, Defendant has sometimes been forced to relocate

6    disabled tenants to public accommodations such as local hotels but have failed to assure that such

7    temporary living accommodations, serving as a substitute for their dwelling at THE PROPERTY,

8    were accessible to persons with disabilities.

9            20.    Regardless of the reason the elevator has to be taken out of service, Defendant has

10   failed and refused to implement proper procedures to provide advance notice of the date and time

11   the elevator will be unavailable so that disabled persons can make advance plans to conduct their

12   lives and has failed and refused to keep disabled residents reasonably informed of the length of

13   time the elevator is expected to be out of service.

14           21.    To the present time, the elevator at THE PROPERTY continues to malfunction to

15   such a degree that it has to be periodically taken out of service and Defendant has failed and

16   refused to institute policies and procedures to maintain the elevator, which is a necessary part of

17   the accessible path of travel for disabled residents and their disabled guests, and to implement

18   policies and procedures to accommodate disabled residents' special needs during periods when

19   the elevator is out of service.

20           22.    Plaintiffs are informed, believe and thereon allege that there are other violations of

21   state and federal accessibility standards operative at the time of construction and will amend this

22   complaint to specifically include such violations after a full cooperative site inspection and other

23   discovery.  Further, as to all areas identified before or during this litigation by Plaintiffs' access

24   consultant, that they may encounter in the future seek to amend this complaint to obtain

25   injunctive relief as to those facilities which they may encounter at THE PROPERTY.

26           23.    Each Plaintiff herein has personally suffered difficulty, discomfort or

27   embarrassment due to the foregoing.  The following are illustrative, but not exhaustive, examples

28   of such difficulty, discomfort or embarrassment:

a.     Plaintiff LEROY MOORE has been a resident of THE PROPERTY for over ten (10) years.  Mr. MOORE has cerebral palsy.  He walks with an uneven gait and uses a cane or walking stick for balance.  Stairs are very difficult for him to manage because of his stiff gait and balance issues.  Using them puts him at risk of falling.  Recent elevator outages and the lack of communication concerning such outages have forced him to miss employment opportunities, change travel plans, risk a dangerous trip down the stairs carrying a heavy suitcase and to lose income due to his home office becoming inaccessible to a wheelchair-bound resident.

b.     Plaintiff DOMINIKA BEDNARSKA has lived at THE PROPERTY for over four (4) years.  Dr. BEDNARSKA uses a scooter and crutches to ambulate and is thus dependent upon the elevator to get into and out of her dwelling unit located on the fifth floor. As a result of elevator outages, she has missed a job interview, cancelled plans with friends, missed work and become ill due to lack of kitchen access and living in a hotel as well as stress of not knowing when she would have access to her home.  During the elevator outage in November, she was temporarily relocated to a nearby hotel but was not provided an accessible room which, among other things, did not have an accessible shower.  During the extended outage in November 2015, she had to move to three different hotels as Defendant failed to reserve accessible rooms and to pay for the temporary accommodations.

c.     Plaintiff PERLITA PAYNE has lived at THE PROPERTY for over four (4) years.  As a result of elevator outages, as the wife of a disabled person (BEDNARSKA) she had to keep going back and forth between their apartment and the temporary accommodations to get clothes, personal items, do laundry, talk to other neighbors who were affected and also collect their mail and packages.  It was physically difficult for her to have to climb the 5

1       flights of stairs due to knee pain.  As the days wore on, she remembers

2       starting to feel hopeless and depressed about the situation Plaintiffs

3       Bednarska and Payne had to cancel their Thanksgiving plans because of the

4       outage.

5       d.    Plaintiff BRETT ESTES has lived at THE PROPERTY for nine (9) years.

6       As a quadriplegic, the elevator is a lifeline to the outside world. When the

7       elevator was out for 13 days he was unable to do his own shopping, visit

8       friends and family, and enjoy the outdoors.  He felt trapped in his own

9       apartment with no options but to stay in his apartment until the elevator was

10      fixed.  It was a difficult 13 days and caused him anxiety, depression and

11      frustration.  There was very little feedback from the office which caused

12      further anxiety because of not knowing when the elevator would be fixed.

13      e.    Plaintiff ANNA MARIE HARA has been diagnosed with cerebral palsy

14      since birth.  She has difficulty walking and at times requires a cane or

15      walker.  Even at her best, Ms. HARA cannot negotiate stairs without great

16      physical pain and physical risk of falling and suffering injury.  Therefore,

17      she was, at all times herein relevant, dependent upon the elevator to access

18      her apartment.  Ms. HARA is also married to Kevin Hara who is uses a

19      wheelchair for ambulation.  When the elevator broke down in November

20      2015, Ms. HARA had to be carried up and down five flights of stairs to

21      attend necessary medical appointments.  Otherwise, she remained a prisoner

22      in her home for two weeks caring for herself and her disabled husband as

23      best she could.  She and her husband had to cancel their Thanksgiving plans

24      because of the outage.

25    24.    Each Plaintiff herein made at least one specific request for reasonable

26 accommodation of his/her disability and special needs during or as a result of the aforementioned

27 elevator outage.

28      a.    Plaintiffs Bednarska and Payne made requests including but not limited to

1    the following accommodations:  Hotel accommodations; per diem payment

2    for expenses; rent credit; expedited elevator repair; advance notice of future

3    repairs.

4        b.    Plaintiff Moore made requests including but not limited to the following

5              accommodations:  expedited elevator repair and advance notice of future

6              repairs.

7        c.    Plaintiff Estes made requests including but not limited to the following

8              accommodations:  expedited elevator repair; advance notice of future

9              repairs.

10       d.    Plaintiff Hara and her husband made requests for assistance getting to a

11             medical appointment; for package delivery; for advance notice of elevator

12             outages; for expedited repair; and for expedited or rush shipment of repair

13             parts.

14       e.    In addition, Disability Rights Advocates (DRA) wrote a demand letter to

15             Defendants on November 20, 2015, on behalf of "residents [of the building]

16             who must, because of their mobility disabilities, must use an elevator to

17             enter or leave their apartments" and also specifically naming Plaintiffs

18             Bednarska and Payne.  This letter made the following requests for

19             reasonable accommodation:  "Immediate repair of the currently-inoperable

20             elevator at any expense;" adequate future maintenance and repair using best

21             industry practices; at least 24-hour advance notice of future repair and

22             maintenance; response to requests for elevator maintenance within four

23             hours of notice; reimbursement of Plaintiff Bednarska's expenses during the

24             current service outage; hotel expenses not already paid; and rent credit for

25             the dates the elevator is out of service.  A true and correct copy of the letter

26             is attached as Exhibit A.

27    25.    Despite actual knowledge of each Plaintiffs' disability or association with a

28    person with a disability, Defendant refused each request by each Plaintiff and the requests of

SECOND AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES                    8        N:\Active Cases\Moore v. Equity Residential et al\Pleadings\Complaint\2AC final.docx
CASE NO. 3:16-cv-07204 MEJ

1   DRA on behalf of all the mobility-disabled tenants for immediate and/or expedited repair; for

2   rush-shipment of parts; for adequate maintenance and repair; and for at least 24 hours written

3   notice of future repairs.

4           a.   In the case of Plaintiffs Bednarska and Payne's requests for alternative

5              accommodation, Defendants provided substandard inaccessible hotel rooms,

6              failed to pay for them which forced Plaintiffs to move three times and did

7              not provide compensation for the additional expense of eating and living

8              away from home, thus rendering those accommodations unreasonable.

9           b.   Plaintiff Moore was offered hotel accommodations but in his case, it was not

10             a reasonable accommodation because he could not move his business

11             equipment to a hotel or keep his three-wheeled bicycle in a hotel.

12             Furthermore, he was aware that Plaintiff Bednarska had not been supplied

13             an accessible hotel room or been compensated for her food, and on that

14             basis, he reasonably believed that the offer of a hotel room was not a

15             reasonable accommodation.

16          c.   Plaintiff Estes was offered a hotel room but in his case, it was not a

17             reasonable accommodation because he could not take his medical equipment

18             to the hotel.

19          d.   Defendants arranged for Plaintiff Hara to be carried down the stairs in an

20             unsafe and painful manner that she only subjected herself to because she

21             could not miss her doctor's appointment.  Her numerous requests for

22             package delivery to her door were denied; packages went missing and

23             medical equipment was stolen as a result of denying her requests.

24      26.    Despite requests from each Plaintiff to conduct regular maintenance of the

25  elevator, Defendant has failed to conduct regular maintenance of its elevator.  On information

26  and belief, the failure to conduct regular maintenance does not meet reasonable industry

27  standards.  When the elevator malfunctions, Defendant has failed to repair it at the earliest

28  practicable time or to anticipate and avoid unnecessary delays in repair, including but not limited

1  to taking three weeks to repair the elevator in November 2015 because Defendant failed to order

2  parts locally and failed to rush ship them.  Defendant failed to anticipate and avoid unnecessary

3  delays in elevator repairs.  Based on this failure to timely repair, Plaintiffs are informed and

4  believe that Defendant had not previously made reasonable arrangements, judged by relevant

5  industry standards, to provide for expeditious repair of the elevator in the event of a malfunction.

6  There was no act of God that prevented Defendant from repairing the elevator within 24 hours or

7  anytime thereafter.

8       27.     Despite requests by each Plaintiff and Disability Rights Advocates that Defendant

9  provide advance notice of elevator service and repair, Defendant has consistently provided less

10 than 24 hours' notice, and sometimes provides no notice at all.  It has not provided written notice

11 to Plaintiffs of unanticipated repairs and has not provided the anticipated duration of such

12 repairs.

13

14                              **FIRST CAUSE OF ACTION:**
**VIOLATION OF THE REHABILITATION ACT OF 1973**
15                             **AGAINST ALL DEFENDANTS**
                                    **[29 U.S.C. § 794]**
16

17       28.     Plaintiffs re-plead and incorporate by reference, as if fully set forth again herein,

18 the factual allegations contained in Paragraphs 1 through 27 above.

19       29.     At all times relevant to this action, Defendant was a recipient of federal funding

20 within the meaning of the Rehabilitation Act.

21       30.     As recipients of federal funds, Defendant must operate THE PROPERTY (their

22 housing program or activity receiving federal financial assistance) so that the program or activity,

23 when viewed in its entirety, is readily accessible to and usable by individuals with handicaps. 24

24 C.F.R. § 8.24.  This includes compliance with the Uniform Federal Accessibility Standards

25 (UFAS) and maintenance of accessible features.  24 C.F.R. § 8.32.

26       31.     Plaintiffs LEROY MOORE, DOMINKA BEDNARSKA, ANNA MARIE HARA,

27 PERLITA PAYNE and BRETT ESTES are each a qualified individual with a disability as

28 defined in the Rehabilitation Act or closely associated with an individual with a disability.

32.     Defendant has violated the Rehabilitation Act, by discriminating against disabled persons, including Plaintiffs herein by, among other things:

   a.   Failing to make their premises accessible to and usable by tenants with disabilities;

   b.   Failing to make the dwelling units adaptable for use by persons with disabilities;

   c.   Failing to maintain the accessible features of their property, such as the elevator, providing ingress and egress to tenants with disabilities above the first floor;

   d.   Failing and refusing to grant requests for reasonable accommodation by disabled tenants who suffer special damage, inconvenience and hardship as a result of the unavailability of the elevator at the premises.

33.     By their policy and practice of discriminating against and failing to reasonably accommodate tenants with mobility disabilities, Defendant violates section 504 of the Rehabilitation Act.  29 U.S.C. § 794.

34.     Plaintiffs' harms and losses, with the exception of Plaintiff HARA, continue so long as Defendant refuses to modify their policies and procedures and refuse to provide fully-accessible facilities for Plaintiffs and other persons with mobility disabilities.

35.     As a result of Defendant's conscious disregard, evidenced by the lack of accessible facilities and refusal to make such facilities accessible despite prior notice of such violations, Plaintiffs suffered harms and losses which include, but are not limited to physical injuries and physical and mental pain, fear, degradation and severe emotional distress as well as medical and psychological damages, and other injuries due to the discrimination they each experienced and other unlawful acts of the Defendant.

WHEREFORE, Plaintiffs request relief as outlined below.

//

//

//

**SECOND CAUSE OF ACTION:**
**VIOLATION OF THE FEDERAL FAIR HOUSING ACT**
**AGAINST ALL DEFENDANTS**
**[ 42 USC 3601 et seq.]**

36.     Plaintiffs re-plead and incorporate by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 35 above.

37.     Based upon the foregoing, Defendant has violated the protections afforded to Plaintiffs under 42 U.S.C. section 3604(f) including but not limited to, the following:

    a.    failing and refusing to provide an accessible path to and through THE PROPERTY by refusing, for an extended period of time, to make necessary repairs to the elevator which forms a necessary component to that accessible path;

    b.    failing and refusing to grant Plaintiffs' requests to make reasonable accommodations in policies, programs and procedures when such is necessary to afford Plaintiffs an equal opportunity to use and enjoy the dwelling by, among other things, failing to prioritize repair and maintenance activities on the elevator, failing to provide proper advance notice of planned elevator outages, and failing to secure accessible alternative accommodations for mobility-impaired tenants during planned and unexpected elevator outages; and

    c.    failing and refusing to make THE PROPERTY readily accessible and useable by handicapped persons.

38.     Plaintiffs have each suffered actual damage as a result of such failures which they allege is the result of Defendant's knowing and intentional violation of their rights as disabled persons under federal law.

39.     Based upon the foregoing, Plaintiffs are each entitled to actual damages, punitive and exemplary damages and injunctive relief as set forth below.

//

//

**THIRD CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**
**AGAINST ALL DEFENDANTS**
**[GOVERNMENT CODE § 12955 *et. seq.*]**

40.     Plaintiffs re-plead and incorporate by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 39 above.

41.     Based upon the foregoing, Defendant has violated the protections against disability discrimination afforded to Plaintiffs under California Government Code section 12955(d) *et se*q. preventing discrimination on the basis of disability by, including but not limited to, the following:

      a.     Failing or refusing to grant tenant requests for changes and modifications in policies programs or procedures necessary to afford tenants with disabilities equal opportunity to use and enjoy their dwelling;

      b.     Failing to have at least one building entrance along an accessible route;

      c.     Failing to ensure the public and common areas are readily accessible to and usable by persons with disabilities;

      d.     Failing to assure that all doors are designed to allow passage into and within all premises by persons in wheelchairs;

      e.     Failing to provide an accessible route into and through each covered dwelling unit;

      f.     Failing to assure that each unit is adaptable to use by persons with disabilities consistent with the building standards requirements of the Fair Housing Amendments Act of 1988 (P. L. 100 – 430) and its implementing regulations including 24 C.F.R. section 100.1 *et seq*.

42.     Based upon the foregoing, Plaintiffs are entitled to statutory damages, actual damages, punitive and exemplary damages and injunctive relief as set forth below.

//

//

//

//

**FOURTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA DISABLED PERSONS ACT**
**BY PLAINTIFFS MOORE, BEDNARSKA, ESTES AND HARA**
**AGAINST ALL DEFENDANTS**
**[CIVIL CODE § 54 *et. seq.*]**

43.     Plaintiffs re-plead and incorporate by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 42 above.

44.     The Disabled Persons Act (DPA) requires, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to all housing accommodations offered for rent, lease, or compensation in this state, subject to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons." Civ. C. section 54.1(b)(1).

45.     THE PROPERTY is a housing accommodation within the meaning of Civil Code section 54.1(b)(2).  Plaintiffs are each a person with a disability within the meaning of the DPA.

46.     Based upon the foregoing, Defendant has violated the DPA as follows:

a.      Refusing to "make reasonable accommodations in rules, policies, practices, or services, when those accommodations may be necessary to afford individuals with a disability equal opportunity to use and enjoy the premises."  Civ.C. § 54.1(b)(3)(B);

b.      Failure and refusal to maintain their accessible features, including but not limited to their elevator and common areas including the courtyard in conformity with American Society of Mechanical Engineers "ASME" Standard A17.1 as mandated by Title 24, California Code of Regulations (sometimes called the "California Building Code" and hereafter called "CBC") section 1116B.1 *et seq.*, in violation of CBC section 1101B.3; and CBC 24-2 section 1132A.6 and section 1126A.4;

c.      Failure and refusal to provide an accessible means of egress from their tenant apartments which are required to be accessible in violation of CBC section 1007 *et seq.* and section 1102 *et seq.*, and

d.      Failure and refusal to provide an accessible entrance and accessible route to

1    and through all apartments which are required to be accessible and/or

2    adaptable in violation of CBC section 1106A.1 *et seq.*

3    47.    Plaintiffs have each suffered actual damage as a result of such failures which they

4  allege is the result of Defendant's knowing and intentional violation of their rights as disabled

5  persons under California Law.

6    48.    Based upon the foregoing, Plaintiffs are entitled to statutory damages, actual

7  damages, punitive and exemplary damages as set forth below.

8

9             **FIFTH CAUSE OF ACTION:**
        **VIOLATION OF UNRUH CIVIL RIGHTS ACT,**
10           **AGAINST ALL DEFENDANTS**
            **[CIVIL CODE § 51 *et seq.*]**

11

12    49.    Plaintiffs re-plead and incorporate by reference, as if fully set forth again herein,

13  the factual allegations contained in Paragraphs 1 through 48 above.

14    50.    At all times herein mentioned, the Unruh Civil Rights Act, California Civil Code

15  51(b), provided that:

16           All persons within the jurisdiction of this state are free and equal, and no
           matter what their sex, race, color, religion, ancestry, national origin,
17          disability, or medical condition are entitled to the full and equal
           accommodations, advantages, facilities, privileges, or services in all business
18          establishments of every kind whatsoever.

19    51.    THE PROPERTY is a business establishment within the meaning of the Unruh

20  Act.  Defendant is the owner and operator of THE PROPERTY.

21    52.    Defendant violated the Unruh Act and refused to provide Plaintiffs with "full and

22  equal accommodations, advantages, facilities, privileges and services" at THE PROPERTY by

23  their acts and omissions, including but not limited to, the following:

24        a.    Failure and refusal to construct and/or alter THE PROPERTY's facilities in

25          compliance with state Building Code Title 24-2, specifically, the entrance,

26          paths of travel and courtyard, including but not limited to CBC 24-2 section

27          1132A.6 and section 1126A.4;

28        b.    Failure and refusal to maintain their accessible features, including but not

limited to their elevator in conformity with American Society of Mechanical

Engineers "ASME" Standard A17.1 as mandated by Title 24, California

Code of Regulations (sometimes called the "California Building Code" and

hereafter called "CBC") section 1116B.1 *et seq.*, in violation of CBC section

1101B.3;

c.   Failure and refusal to provide an accessible means of egress in from their

tenant apartments which are required to be accessible in violation of CBC

section 1007 *et seq.* and section 1102 *et seq.*; and

d.   Failure and refusal to provide an accessible entrance and accessible route to

and through all apartments which are required to be accessible and/or

adaptable in violation of CBC section 1106A.1 *et seq.*

53.     Plaintiffs are informed, believe and thereon allege that Defendant's behavior, as alleged herein, was intentional: Defendant was aware and/or were made aware of their duties to refrain from establishing discriminatory policies and/or barriers preventing physically disabled persons from accessing their facilities, prior to the filing of this Complaint.  Defendant chose to ignore those advisements and warnings.  Thus, Defendant has acted intentionally to violate Plaintiffs' rights as disabled persons (or those closely associated with disabled persons) and to discriminate based upon disability.

54.     Plaintiffs do not claim a violation of the Americans with Disabilities Act (ADA) as incorporated into Unruh, Civil Code section 51(f).  They claim a violation of Civil Code section 51(b), independently of the ADA under State law.

55.     Plaintiffs are informed, believes and thereon alleges that Defendant's behavior, as alleged herein, was intentional: Defendant was aware and/or were made aware of their duties to refrain from establishing discriminatory policies and/or barriers preventing physically disabled persons from accessing their facilities, prior to the filing of this Complaint.  Defendant acted with deliberate indifference to the fact that Plaintiffs are disabled.  *See Green v. San Diego Unified Sch. Dist.*, 226 F.App'x 677, 679 (9th Cir. 2007) (deliberate indifference is sufficient to show discriminatory animus under Unruh).

56.     Defendant's stubborn refusal to provide disabled tenants with accessible paths of travel, ingress and egress, and common spaces and refusing to provide adaptable units in violation of the laws set forth above, demonstrates a knowing and conscious disregard for the law in general and the rights of disabled tenants in particular.  Such conduct justifies an award of treble, punitive and exemplary damages in addition to all other relief sought.

57.     As a result of Defendant's acts and omissions, Plaintiffs each suffered actual harms and losses including but not limited to physical injuries and physical and mental pain, fear, degradation and severe emotional distress as well as medical and psychological damages, and other injuries because of the discrimination that they each experienced and other unlawful acts of Defendant.

58.     Plaintiffs' injuries, with the exception of Plaintiff HARA are ongoing so long as Defendant does not modify its policies and procedures and provide fully-accessible facilities for Plaintiffs and other persons with mobility disabilities.

59.     Based upon the foregoing, Plaintiffs are entitled to statutory damages, actual damages, punitive and exemplary damages as set forth below.

**SIXTH CAUSE OF ACTION:**
**VIOLATION OF BERKELEY MUNICIPAL CODE SECTION 19.50.010 ET SEQ.**
**BY PLAINTIFFS MOORE, BEDNARSKA, ESTES AND HARA**
**AGAINST ALL DEFENDANTS**

60.     Plaintiffs re-plead and incorporate by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 59 above.

61.     Defendant has knowingly and intentionally committed the actions and behavior set forth above in violation of the Berkeley Municipal Code, Chapter 19, sections 19.50 *et seq.*

62.     These code sections require building operators and management companies in charge of residential apartment dwellings such as THE PROPERTY to maintain the operation of elevators servicing the dwelling units above the first floor, to take certain steps to alleviate the effect of elevator outages on residence and to compensate tenants who suffer actual harm and loss as a result of elevator outages.

63.     Defendant, by the behavior set forth above, has violated these code sections by, including but not limited to, the following:

     a.     Failure to conduct regular maintenance of its elevator (see paragraphs 24-25);

     b.     Failure to repair elevator malfunctions at the earliest practicable time, including but not limited to failing to rush ship parts or purchase them locally (see paragraphs 24-25);

     c.     Failure to anticipate and avoid unnecessary delays in elevator repairs (see paragraph 25);

     d.     Failure to provide advance notice of elevator outages to tenants (see paragraphs 22-26).

64.     Failure to provide decent, safe and sanitary housing during elevator outages lasting longer than 24 hours (see paragraphs 22-24).  Based upon the foregoing, each Plaintiff is entitled to statutory damages for each day of elevator unavailability to that Plaintiff in an amount according to proof, in addition to all other relief sought.

65.     Based upon the foregoing, each Plaintiff with the exception of Plaintiff HARA, is entitled to seek injunctive relief against Defendant as set forth below.

# **PRAYER**

Plaintiffs LEROY MOORE, DOMINIKA BEDNARSKA, PERILTA PAYNE AND BRETT ESTES have no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint.  Plaintiffs have suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendant as alleged herein, unless Plaintiffs are granted the relief they request.  Plaintiffs and Defendant have an actual controversy and opposing legal positions as to Defendant's violations of the laws of the United States, the State of California and the City of Berkeley. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiffs pray for judgment and the following specific relief against Defendant:

1. As to Claims 1-3, 5 and 6, An order enjoining Defendant, their agents, officials, employees, and all persons acting in concert with them:

 a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

 b. To modify THE PROPERTY's facilities to make them accessible to and useable by all persons with physical disabilities;

 c. To provide a policy and procedure consistent with California and federal law to provide reasonable accommodations for persons with disabilities who live at THE PROPERTY or who wish to do so;

 d. To maintain such accessible facilities once they are provided;

 e. To train each of Defendant's employees and agents in how to accommodate the rights and needs of physically disabled persons;

 f. To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities, and

 g. To modify THE PROPERTY'S dwelling units to provide adaptable features as set forth above.

2. As to Claims 1-3, 5 and 6, retain jurisdiction over the Defendant until such time as the Court is satisfied that Defendant's unlawful policies, practices, acts and omissions, as complained of herein no longer occur, and cannot recur;

3. As to all claims, award to Plaintiffs all appropriate damages, including but not limited to statutory damages, general damages, treble damages and punitive damages in amounts within the jurisdiction of the Court, all according to proof;

4. As to all claims, award to Plaintiffs all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by federal and state law;

5. As to all claims, award prejudgment interest pursuant to California Civil Code § 3291; and

6. Grant such other and further relief as this Court may deem just and proper.

1  Dated:  July 12, 2017                    DERBY, McGUINNESS & GOLDSMITH, LLP

2

3                                                ____/s/ Celia McGuinness
                                                By Celia McGuinness
4                                               Attorneys for Plaintiffs

5

6                               **DEMAND FOR JURY**

7          Each Plaintiff hereby demands a jury for all claims for which a jury is permitted.

8  Dated:  July 12, 2017                    DERBY, McGUINNESS & GOLDSMITH, LLP

9

10                                               ____/s/ Celia McGuinness
                                                By Celia McGuinness
11                                              Attorneys for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28