UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEROY MOORE, et al.,

    Plaintiffs,

v.

EQUITY RESIDENTIAL MANAGEMENT, L.L.C.,

    Defendant.

Case No. 16-cv-07204-MEJ

**ORDER RE: MOTION TO DISMISS**

Re: Dkt. No. 39

## INTRODUCTION

Pending before the Court is Defendant Equity Residential Management, L.L.C.'s Motion to Dismiss the Second Amended Complaint (SAC) pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). Mot., Dkt. No. 39; *see* SAC, Dkt. No. 36. Plaintiffs Leroy Moore, Dominika Bednarska, Perlita Payne, Brett Estes, and Annmarie Hara (collectively, Plaintiffs) filed an Opposition (Dkt. No. 40) and Defendant filed a Reply (Dkt. No. 41). The Court previously vacated the September 28, 2017 hearing. *See* Dkt. No. 42. Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Dismiss for the following reasons.

## BACKGROUND

Plaintiffs are current or former residents of an apartment building in Berkeley, California (the Property) that is owned and operated by Defendant. *See* SAC ¶¶ 1, 3. They are handicapped persons or are closely associated with a handicapped person. *Id.* ¶ 1. They allege they have suffered discrimination on the basis of their disabilities because of Defendant's persistent refusal to make the common areas of the Property fully accessible or to properly maintain the Property, especially the elevator. *Id.* ¶ 2. The Court summarizes the prior pleadings and its orders on

Defendant's prior motions to dismiss.

**A.      Original Complaint**

The original complaint asserted claims under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 et seq. (ADA); the Rehabilitation Act of 1973, 29 U.S.C. § 794 (the Rehabilitation Act); the Federal Fair Housing Act, 42 U.S.C. § 3601 et seq. (FHA); the California Fair Employment and Housing Act (FEHA); the California Disabled Persons Act (CDPA); and the Unruh Civil Rights Act (Unruh Act).

The Court dismissed each claim brought by Hara, Moore, and Bednarska because they had failed to allege facts sufficient to show they were disabled, and each claim brought by Payne because it was derivative of Bednarska's status as a disabled person. Order re: MTD at 4, Dkt. No. 23.

The Court dismissed Plaintiffs' ADA claim because Plaintiffs failed to show the Property was a place of public accommodation. *Id.* at 5, 10; *see Arceneaux v. Marin Hous. Auth.*, 2015 WL 3396673, at *7 (N.D. Cal. May 26, 2015) ("[A]partment complexes do not constitute 'public accommodations' within the meaning of the ADA."). However, the Court allowed Plaintiffs leave to amend to allege a claim based on part of the Property's complex being a place of public accommodation. Order re: MTD at 5.

The Court dismissed the FHA claim because it failed to allege Plaintiffs requested reasonable accommodations. *Id.* at 7, 10. The Court rejected Plaintiffs' argument that they were only required to allege that Defendant knew or should have known of Plaintiffs' disabilities regarding mobility and that they may need to be accommodated to use and enjoy the Property. The Court held Plaintiffs must allege they actually requested an accommodation and do it in a manner that a reasonable person would understand. *Id.* at 7-8.

The Court dismissed the FEHA and CDPA claims because they were conclusorily alleged; Plaintiffs failed to allege specific facts to establish the elements of these claims. Order re: MTD at 9. Plaintiffs failed to allege the particular FEHA and CDPA protections Defendant allegedly violated and how those violations pertained to Plaintiffs. *Id.* at 9.

The Court found the Unruh Act failure to accommodate claim was pleaded with more specificity, but dismissed it to the extent that it relied on the already dismissed ADA claim. *Id.* at 9-10.

The Court found Plaintiffs sufficiently pleaded their Rehabilitation Act claim by alleging that Defendant receives federal funding and that Act applies to businesses that take federal funds as rent. *Id.* at 6.

### B. First Amended Complaint

In the First Amended Complaint (FAC), Plaintiffs alleged claims under the Rehabilitation Act, FHA, FEHA, CDPA, the Unruh Act, and the Berkeley Municipal Code § 19.50.010. FAC ¶¶ 37-62, Dkt. No. 29. The FAC no longer alleged an ADA claim. *Id.*

The Court dismissed the Rehabilitation Act, FHA, FEHA, and CDPA claims to the extent they relied on Defendant's alleged failure to accommodate because the FAC failed to allege what specific accommodations Plaintiffs sought, which Plaintiff sought each specific accommodation, or how Defendant rejected these requests for accommodations. FAC Order at 5-6, Dkt. No. 35. The Court instructed:

> At a minimum, in order to state a failure to accommodate claim with 'facial plausibility,' *each* Plaintiff must allege the reasonable accommodation(s) he or she requested, and that Defendant refused the accommodation(s). . . . Plaintiffs may amend their Rehabilitation Act, FHA, FEHA and CDPA claims to identify what reasonable accommodation(s) each of them requested, and allege with specificity that Defendant refused to accommodate each such request.

*Id.* at 5 (emphasis in original).

The Court found Plaintiffs had sufficiently stated an Unruh Act claim based on violations of specific provisions of the California Building Code that pertain to elevator access. *Id.* at 11. But the Court dismissed the Unruh Act claim to the extent it was premised on failure to accommodate (as this is not an available basis for relief under the Unruh Act) or on non-specific, conclusory allegations. *Id.* at 6, 11.

The Court denied the motion to dismiss the FEHA and CDPA claims to the extent they were premised on the elevator shutdowns. *Id.* at 12. The Court found that

3

> In the FAC, Plaintiffs adequately and specifically identif[ied] Defendant's alleged violations of state and federal laws. To the extent these violations pertain to providing a functioning elevator when that is the sole handicapped-accessible means of ingress and egress from the Property, Plaintiffs ha[d] also adequately pleaded how Defendant's conduct violated each Plaintiff's rights. However, to the extent Plaintiffs attempt[ed] to allege claims based on other violations, the FAC d[id] not identify how Defendant violated those protections *as to each Plaintiff*.

*Id.* (emphasis in original). The Court accordingly dismissed these claims to the extent they relied on Defendant's conduct beyond the elevator shutdowns because the FAC failed to allege how Defendant violated each specific Plaintiff's rights. *Id.*

The Court found that Payne had sufficiently alleged standing under the Rehabilitation Act, FHA, FEHA, and Unruh Act based on her relationship with Bednarska. *Id.* at 7. However, the Court dismissed Payne's CDPA claim with leave to amend because the CDPA only allows a non-disabled plaintiff to seek injunctive relief, while Payne requested damages. *Id.* at 8.

The Court also dismissed the Berkeley Municipal Code claim because Plaintiffs did not allege the Property consisted of ten or more units, and only conclusorily listed the alleged violations. *Id.* at 13 ("[M]ere recitation of the titles of the Code sections does not state a claim.").

**C.  Second Amended Complaint**

In the SAC, Plaintiffs allege claims under the Rehabilitation Act, FHA, FEHA, CDPA, the Unruh Act, and the Berkeley Municipal Code. SAC ¶¶ 28-65. Plaintiffs allege Defendant failed to make the Property accessible to and usable by tenants with disabilities; failed to make the dwelling units adaptable for use by persons with disabilities; failed to maintain the accessible features of the properties, including the elevator; and failed to grant requests for reasonable accommodations by disabled tenants. *Id.* ¶ 32 (Rehabilitation Act), ¶ 37 (FHA), ¶ 41 (FEHA), ¶ 46 (CDPA), ¶ 52 (Unruh Act), ¶ 63 (Municipal Code).

The SAC also alleges each Plaintiff made at least one specific request for a reasonable accommodation because of special needs related to his or her disability "as a result of the aforementioned elevator outage." *Id.* ¶¶ 24, 17 (referring to outage in November 2015). Bednarska and Payne requested hotel accommodations, per diem payment for expenses, rent credit, expedited elevator repair, and advanced notice of future repairs. *Id.* ¶ 24(a). Moore and

4

Estes asked for expedited elevator repair and advanced notice of future repairs. *Id.* ¶ 24(b)-(c). Hara asked for assistance getting to a medical appointment, for package delivery, for advanced notice of elevator outages and for expedited repair, and for expedited shipment of repair parts. *Id.* ¶ 24(d). In addition, Disability Rights Advocates wrote to Defendant on November 20, 2015 on behalf of disabled residents of the building, specifically Bednarska and Payne, requesting Defendant make "immediate repair" of the elevator at any expense; provide at least 24-hour advance notice of future repair; maintain the elevator and make future repairs according to best industry practices; respond to request for elevator maintenance within four hours of notice; and reimburse Bednarska's expenses during the current service outage, pay for unpaid hotel expenses, and provide rent credit for days on which the elevator is out of service. *Id.* ¶ 24(e). Defendant refused those requests. *Id.* ¶ 25. Defendant provided Bednarska and Payne inaccessible hotel rooms, failed to pay for the hotel rooms, and did not compensate them for additional expenses incurred as a result of being away from home. *Id.* ¶ 25(a). Defendant offered Moore a hotel accommodation, but he could not move his business equipment to the hotel or use his three-wheeled bicycle there. *Id.* ¶ 25(b). Similarly, Estes was offered a hotel room, but he could not take his medical equipment there. *Id.* ¶ 25(c). Defendant arranged for Hara to be carried down the stairs in an unsafe and painful manner; it denied her request for package delivery to her door. *Id.* ¶ 25(d). Defendant also has failed to accommodate Plaintiffs' requests that it conduct regular maintenance of the elevator, nor does it repair the elevator promptly when it malfunctions. *Id.* ¶ 26. Defendant also has failed to accommodate Plaintiffs' requests that it provide them advance notice of elevator service and repair. *Id.* ("Defendant has consistently provided less than 24 hours' notice, and sometimes provides no notice at all. It has not provided written notice to Plaintiffs of unanticipated repairs and has not provided the anticipated duration of such repairs.").

The SAC alleges Defendant knowingly and intentionally violated the Berkeley Municipal Code by failing to: (1) regularly maintain the elevator; (2) repair it at the earliest practicable time; (3) anticipate and avoid delays; (4) provide advance notice of elevator shutdowns; and (5) provide decent, safe, and sanitary housing during elevator shutdowns of more than 24 hours. *Id.* ¶¶ 60-64. Each Plaintiff is entitled to statutory damages for each day of elevator unavailability; in addition,

Plaintiffs other than Hara are entitled to injunctive relief. *Id.* ¶¶ 64-65.

## LEGAL STANDARD

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted).

A court may dismiss a complaint under Rule 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). In addition, courts may consider documents attached to the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotations and citations omitted). However, the Court may deny leave to amend for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice

to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."
*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**DISCUSSION**

Defendant moves to dismiss the SAC to the extent any of its claims are based on a failure-to-accommodate theory. Mot. at 5-8. Defendant also moves to dismiss the Rehabilitation Act, FHA, and state and municipal law claims for failure to state a claim. *Id.* at 10-20. The Court considers each of Defendant's arguments below.[1]

**A.  Failure to Accommodate**

The SAC alleges Defendant's failures to accommodate Plaintiffs' disabilities violate the Rehabilitation Act (SAC ¶¶ 32(d), 33), the FHA (*id.* ¶ 37(b)), the FEHA (*id.* ¶ 41(a)), and the CDPA (*id.* ¶ 46(b)).

In dismissing the FAC, the Court gave instructions to Plaintiffs regarding the pleading standard they needed to meet to state an accommodation claim. *See supra* at 3. Plaintiffs have heeded those instructions and have sufficiently alleged facts showing each Plaintiff requested a reasonable accommodation, and that Defendant denied that reasonable accommodation. *See supra* at 4-5. The SAC does not allege specifically when Plaintiffs made the requests, but does allege they were made in connection with the November 2015 elevator outage. *See* SAC ¶¶ 17, 24. The Court thus finds Plaintiffs sufficiently have stated a failure to accommodate claim in connection with that outage. Their failure to accommodate claims can proceed based on the requests for accommodation described in the SAC that Plaintiffs made in or around November 2015. If it chooses to, Defendant will have an opportunity at the summary judgment stage to challenge whether some of Plaintiffs' requests did not constitute reasonable accommodations, but they are sufficiently pleaded to survive this third Motion to Dismiss. Defendant's Motion to Dismiss any of the reasonable accommodation claims is DENIED.

---

[1] To Court does not readdress the arguments it disposed of in its earlier FAC Order; the reasoning of that FAC Order is incorporated by reference herein.

7

**B.     Rehabilitation Act**

"To recover monetary damages under . . . the Rehabilitation Act, a plaintiff must prove intentional discrimination on the part of the defendant. . . . [T]he appropriate test for intentional discrimination . . . [is] the deliberate indifference standard." *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001).

Defendant argues the SAC inadequately alleges intentional discrimination under the Rehabilitation Act. Mot. at 10-11; *see also* Reply at 8 ("The focus of their complaint is a November 15, 2015 elevator outage. They complain that Defendant's efforts to address the outage and its impact on residents of the building were not good enough . . . Certainly an elevator failure does not meet the deliberate indifference standard as required by *Duvall*."). Defendants are correct that some of Plaintiffs' allegations are insufficient to meet the *Duvall* deliberate indifference standard, such as the general allegation that Defendant failed to make premises accessible and failed to make the dwellings adaptable. *See* SAC ¶ 32.

But other allegations do meet that standard. Defendant advertises the Property as a "Mobility Impaired Living Enhancement" property that is committed to residents who are mobility impaired. *Id.* ¶ 12. Defendant knows some of its residents (including Bednarska, Moore, Estes, and Hara) are mobility impaired and cannot use the stairs to exit the building. The Property only has one elevator. Thus, Defendant knows that some of its residents cannot exit the building during elevator outages, whether to enjoy the outdoors, go shopping, work, go to job interviews, travel, attend doctor's appointments, or meet friends. *Id.* ¶ 23. The elevator has "frequently" malfunctioned, and continues to do so "[t]o the present time, [and] has to be periodically taken out of service." *Id.* ¶¶ 17, 21; *see also id.*, Ex. A (DRA letter to Defendant explaining that November 2015 outage was longest Bednarska had experienced, but that "it is far from the first or only time that she has been either trapped inside or stranded outside of her apartment because of issues with the . . . elevator. [She] reports that a similar multi-day outage occurred . . . in 2012, and that outages of shorter duration are very frequent. [She] and her partner have repeatedly informed [Defendant] of problems with this elevator over the past several months."). Plaintiffs have asked Defendant to notify them of future outages and timing of repairs so that they can plan for them,

8

and to expedite the repairs (including by expediting the shipment of repair parts). *Id.* ¶ 24. Plaintiffs allege Defendant has refused to provide such notification or expedite repairs, and that the protracted outage and the lack of information from Defendant about when the elevator would be fixed caused them to be depressed, anxious, and frustrated. *Id.* ¶ 23. The allegations concerning the failure to maintain and repair as promptly as practicable the sole elevator in a "Mobility Impaired Living Enhancement" property, and failing to notify residents trapped inside their apartments about the repairs, such that they are not able to plan for extended stays inside or make alternative arrangements, goes well beyond "isolated incidents" of "bureaucratic slippage." Mot. at 10-11. These allegations satisfy the deliberate indifference standard.

Plaintiffs also allege facts showing they are entitled an injunction. The SAC alleges Defendant fails to properly maintain the elevator such that it frequently breaks down, even after being repaired. There is no allegation in the SAC suggesting the elevator will function in the future; on the contrary, the facts alleged in the SAC show there is a real and immediate threat of future harm such that Plaintiffs are entitled to seek injunctive relief.

The Motion to Dismiss the Rehabilitation Act claim is DENIED to the extent the claim is based on allegations relating to elevator maintenance, elevator outages, elevator repair, and failure to notify or keep residents informed about such.

**C.    FHA**

Defendant also argues the FHA claim is insufficiently pleaded to the extent it is based on the refusal to permit reasonable modification at the expense of the handicapped person and the failure to design or construct dwellings to make them readily accessible to handicapped persons. Mot. at 12. Defendant contends Plaintiffs' allegations that it violated the FHA by refusing to provide an accessible path and refusing to make the Property readily accessible are too conclusory to state a claim. *Id.* Plaintiffs do not oppose the argument. *See* Opp'n. To the extent the FHA claim is based on any allegation that is not related to Defendant's refusal to make reasonable accommodations as discussed above, the Court agrees. Its prior ruling on the issue stands.

**D.    State Law Claims**

The Court previously found Plaintiffs had stated claims under the Unruh Act, CDPA, and

9

FEHA for violations pertaining to elevator access, and had stated a claim under the Unruh Act based on allegations to specific provisions of the California Building Code pertaining to the elevator. FAC Order at 11-12 ("Each of these provisions pertains to elevator access as the sole means of egress of the Property from their dwelling units."). That ruling stands for the reasons set forth in the FAC Order.

The Court also dismissed the state law claims based on other violations because Plaintiffs did not identify how Defendant violated these statutes as to each of them, and to the extent they were based on "unspecified failure and refusal to construct and/or alter the Property's facilities in compliance with state building code and state architectural requirements." *Id.* (internal quotation marks omitted). Plaintiffs now add allegations that Bednarska, Moore, and Hara each encountered excessively heavy doors that they cannot open without assistance. SAC ¶¶ 13-15, 23. This provides an additional basis for Plaintiffs' CDPA and FEHA claims. With respect to the other accessibility allegations, Plaintiffs fail to allege they encountered those barriers and were affected by them. *See, e.g.*, *id.* ¶ 13 (Plaintiffs allege the courtyard access doors have an excessive threshold, but do not allege they encountered that threshold or were affected by it or by the unsafe level changes); *id.* ¶ 16 (Plaintiffs are informed and believe the dwelling units, included the ones they rented, do not contain features of accessible design, but they do not allege they encountered barriers as a result). But Plaintiffs have not alleged sufficient facts to state a claim as to any other accessibility issues. The Court's ruling dismissing the remainder of the state law claims stands.

However, the new allegations regarding the heavy doors do not plead an additional basis for Plaintiffs' Unruh Act claim:

> To plead an Unruh Act violation independent of an ADA claim, a plaintiff must allege "intentional discrimination in public accommodations in violation of terms of the Act." *Munson v. Del Taco, Inc.*, 46 Cal.4th 661, 668 (2009) (quoting *Harris v. Capital Growth Investors XIV*, 52 Cal.3d 1142, 1175 (1991)). The California Supreme Court has concluded that the Act requires allegations of "willful, affirmative misconduct," and that a plaintiff must allege more than the disparate impact of a facially neutral policy on a particular group. *See Koebke v. Bernardo Heights Country Club*, 36 Cal.4th 824, 854–54 (2005).

*Earll v. eBay Inc.*, 2012 WL 3255605, at \*4 (N.D. Cal. Aug. 8, 2012); *see also Rodriguez v.*

10

United States District Court
Northern District of California

1 *Barrita, Inc.*, 10 F. Supp. 3d 1074, 76 (N.D. Cal. 2014) (to establish entitlement to damages, the Unruh Act requires plaintiffs show "something more than mere awareness of or the reasonable belief about the existence of a discriminatory condition."). Plaintiffs have abandoned their ADA claim (*see also* SAC ¶ 54); they therefore must plead facts showing intentional discrimination and "willful, affirmative misconduct." The SAC only alleges Bednarska, Moore and Hara encountered doors they could not open without assistance; it alleges no facts showing Defendant intentionally discriminated against Plaintiffs in connection with the heavy doors. Indeed, it alleges no facts showing Defendant was even aware the doors were too heavy, or that some of the Plaintiffs could not open them independently. *See id.* ¶¶ 53-56 (alleging on information and belief that conduct was intentional, but providing no facts showing Defendant was aware of issue and failed or refused to correct it). For the same reason the Court found Plaintiffs had sufficiently pleaded deliberate indifference in analyzing the Rehabilitation Act claim, the Court finds Plaintiffs have pleaded an Unruh Act claim based on elevator outages, but not on heavy doors or other accessibility issues.

### E.  Berkeley Municipal Code

The Court dismissed Plaintiffs' Municipal Code claim because they failed to allege the building was subject to the Code, because the allegations of violations were merely conclusory, and because they did not allege facts sufficient to show the repairs were untimely. FAC Order at 13-14. The Court also queried whether Payne could state a claim as her access or egress from the building was not necessarily substantially restricted, since she is not mobility-challenged. *Id.* at 14. Finally, the Court noted Plaintiffs were only entitled to statutory damages up to $200 per day (not $250 as requested), and could not obtain general injunctive relief. *Id.*

Plaintiffs now allege the Property has at least five floors and ten dwelling units; that Bednarska, Moore, Estes, and Hara have mobility issues that render it unsafe or impossible for them to use the stairs; and that the elevator has gone out of service at least once for a period exceeding ten days. SAC ¶¶ 3, 9, 17, 23. They allege Defendant has unreasonably delayed repairing the elevator, and failed to repair it at the earliest practicable time because they failed to order parts locally and failed to rush ship them. *Id.* ¶¶ 18, 26. They also allege Defendant has

11

failed to give them advance notice of the outages and to keep them informed. *Id.* ¶ 21. Bednarska and Payne allege the housing Defendant secured for them during the outages was not accessible and that Defendant did not pay for the room. *Id.* ¶ 25(a). Moore alleges the accommodation he was offered did not allow him to use his three-wheel bicycle, but he does not allege this rendered the accommodation inaccessible or unsafe. *Id.* ¶ 25(b); *id.* ¶ 23(a) (Moore uses a cane or walking stick for walking). Estes alleges the room he was offered would not allow him to take his "medical equipment"; but he similarly fails to allege facts showing this rendered the room inaccessible or unsafe. *Id.* ¶ 25(c); *id.* ¶ 23(d). Hara does not allege she was not offered a room or that the room was inaccessible, or that Defendant failed to pay for the room. *Id.* ¶ 25(d).

Plaintiffs have sufficiently pleaded that the Property is subject to the Code because it contains at least ten dwelling units and more than two stories, and an elevator. Berkeley, Cal. Mun. Code § 19.50.020. They have sufficiently pleaded that Defendant did not provide notice to Plaintiffs that the elevator is to be repaired and the time such repairs are to be completed, in violation of §§ 19.50.030, 19.50.040(A), and 19.50.050. They also have alleged Defendant failed to repair the elevator at the earliest practical time by failing to order parts locally and/or to rush order them; this sufficiently alleges a violation of § 19.50.040(B). Bednarska also sufficiently alleges Defendant failed to provide her with alternative housing that was "decent, safe, sanitary and provided at the building operator's expense" in violation of § 19.50.040(C).

The Court finds that Bednarska, Moore, Estes, and Hara have pleaded violations of Berkeley Municipal Code §§ 19.50.030, 19.50.040(A)-(B), and 19.50.050. In addition, Bednarska has pleaded a violation of Municipal Code § 19.50.040(C). Where a building owner's failure to timely repair an elevator or provide alternative housing

> results in any person residing in the building having substantially restricted access to or egress from his or her unit because of such person's impaired ability to climb stairs as a result of such person's physical disability, medical condition, infirmity, illness or other similar circumstance, the person whose access to or egress from such building has been substantially restricted as set forth in this subsection may bring a civil action.

Municipal Code § 19.50.060(A).[2] Based on the language of the Municipal Code, it does not appear Payne has standing to bring a civil action because her access to or egress from her apartment was not substantially restricted as a result of her impaired ability to climb stairs.

Plaintiffs request statutory damages, but (with the exception of Hara) continue to request injunctive damages that exceed the scope of the Code's remedies, which only provide injunctive relief compelling the owner of the building to repair the elevator and/or to provide alternative housing. *Id.* § 19.50.060(A)(1).

The Motion to Dismiss the Municipal Code claim is DENIED, except to the extent it is directed at Payne, and to the extent it requests injunctive relief beyond that allowed by § 19.50.060(A)(1).

## CONCLUSION

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Dismiss. Based on the foregoing reasoning, the following claims remain at issue in this action:

(1) All Plaintiffs have stated failure to accommodate claims in connection with the November 2015 elevator outage, and to that extent have stated claims under the Rehabilitation Act, FHA, FEHA, and CDPA;

(2) All Plaintiffs have stated claims under the Rehabilitation Act, FEHA, CDPA, and Unruh Act based on elevator outages;

(3) Bednarska, Moore and Hara also have stated claims under FEHA and the CDPA based on encountering excessively heavy doors; and,

(4) Bednarska, Moore, Estes and Hara have stated claims under the Berkeley Municipal Code.

---

[2] Defendant characterizes the allegations that it violated the Municipal Code by failing to regularly maintain the elevator, failing to repair it at the earliest practicable time, failing to anticipate delays in repairs, and failing to provide advance notice of outages as "irrelevant" because Plaintiffs do not allege there was an elevator outage, that each suffered "substantially restricted access" as a result of the outage, that Defendant failed to timely repair the elevator, and that Defendant failed to provide alternative housing. Mot. at 19 (citing SAC ¶¶ 62-65). The Court's summary of the allegations above make it apparent that Plaintiffs do make these allegations and incorporated them by reference when stating their Municipal Code claim (SAC ¶ 60).

13

All other claims asserted in the SAC are dismissed without leave to amend.

The parties shall appear for an initial case management conference before the undersigned on January 11, 2018 at 10:00 a.m. They shall file a joint case management statement no later than January 4, 2018.

**IT IS SO ORDERED.**

Dated: December 4, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge